112

Perelman Estate.

Argued January 14, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Harold Greenberg*, with him *Perry S. Bechtle, Sidney Margulies*, and *Cohen, Shapiro, Berger, Polisher and Cohen*, for appellants.

*I. Raymond Kremer,* with him *Neil H. Stein, Milton O. Moss,* and *Moss, Rounick & Hurowitz,* and *Kremer, Krimsky & Luterman,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1970:

Morris Perelman and Bertie Greenberg were married on February 6, 1948; it was a second marriage for both. Two days before the ceremony they executed two antenuptial agreements. One, short and cursory, stated only that Bertie was possessed of "considerable" property and that Morris waived all rights as a surviving husband or heir at law. The second was somewhat more detailed and stated that each of the parties was possessed of considerable property, that Morris had made a full and frank disclosure of the character and amount of his estate, that each party knew of his or her respective rights absent the agreement, that Morris had relinquished all of his right, title and interest in his business to his children, and that Morris had various assets worth $56,000. The parties then recited mutual promises to treat each other's property as though the marriage had never been celebrated and agreed that neither would make any claim against the other's estate as a surviving spouse or heir at law.

Morris died on August 8, 1966, leaving behind Bertie and a will bequeathing her $25,000. The will was probated and the widow was disappointed, so she filed an election to take against the will. The executors, Morris' sons by his first marriage, then filed a petition to vacate the election, relying on the two antenuptial agreements. Bertie countered that Morris' failure to disclose a substantial asset, a life interest in a trust giving him a yearly $15,000 tax-free income, rendered the agreements invalid. The trial court agreed with Bertie. We do not.

It is our view that the trust income which Morris failed to disclose was not an "asset" or "property" such

as must be disclosed in antenuptial agreements. The purpose of an antenuptial agreement is to alter the statutory rights of a surviving spouse. *Hillegass Estate,* 431 Pa. 144, 150, 244 A. 2d 672, 675 (1968); *Emery Estate,* 362 Pa. 142, 66 A. 2d 262 (1949). The alternative requirement of either full disclosure or reasonable provision is intended to guarantee that the potentially surviving spouse was fairly treated and did not unwittingly abandon valuable statutory rights of inheritance. However, it is only the statutory rights which are protected.

The relevant test, then, is not whether a particular fact is important in an individual's general economic picture, but whether it directly affects the size of his testamentary estate. If this were not so we would be required to hold that a man's earning capacity, salary, expected gifts, possible inheritances or other contingent factors must be divulged in order to validate an antenuptial agreement. We will not do so, since it would mean that courts would be constantly called upon to determine, with the doubtful benefit of hindsight, whether a particular possibility was sufficiently substantial so that it should have been disclosed to validate the antenuptial agreement. We decline to involve ourselves in such controversy and hold that only those currently owned assets which are subject to an individual's testamentary control must be divulged in order to validate an antenuptial agreement.

Focusing as we must on only Bertie's possible statutory rights of inheritance, it is clear that Morris disclosed all assets which then could be said to have a definite bearing on her statutory rights. The life income from the trust, although substantial in an actuarial sense and central to his financial position, was not property over which he had the power of testamentary disposition and to which Bertie could have asserted a right of dower.

Decree reversed and case remanded for further consistent proceedings. Each party to pay own costs.

Mr. Justice Pomeroy concurs in the result.